UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY BRYANT WICK,

        Plaintiff,

    v.                                  Case No. 21-C-138

MICHAEL V. ROTH,

        Defendant.

**SCREENING ORDER**

    Plaintiff filed this action against Defendant Michael Roth, the lawyer who represented his stepsister in a probate proceeding regarding the estate of Plaintiff's parents on February 3, 2021. Plaintiff alleges that Defendant "maliciously and willfully attacked [his] dignity and character" by bringing up Plaintiff's criminal history, credit history, and tattoos during the probate proceeding. Dkt. No. 1 at 2. Plaintiff alleges that Defendant violated Wisconsin state statutes as well as the Fourteenth and Eighth Amendments of the United States Constitution.

    The Court is authorized to screen the complaint to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and

where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

The Court finds that it has no subject matter jurisdiction over this action. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). After reviewing the complaint, the Court concludes that it does not have subject matter jurisdiction over this action based on either diversity jurisdiction pursuant to 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331.

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune*

*Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In this case, complete diversity does not exist because Plaintiff and Defendant reside in Wisconsin.

In addition, Plaintiff has failed to sufficiently plead a federal question. For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). A federal court must entertain a complaint seeking recovery under the Constitution or laws of the United States "unless the alleged federal claim either 'clearly appears to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 681–82 (1946)). If a district court determines a complaint is undermined by either deficiency, "the complaint must be dismissed for want of federal subject matter jurisdiction." *Id.*

Plaintiff alleges that Defendant violated the Eighth and Fourteenth Amendments of the Constitution. But the Constitution does not grant plaintiffs a private right of action against private citizens for violations of constitutional protections. Constitutional claims are only cognizable against governmental entities or state actors. "Even though attorneys are licensed and regulated under state law, they are not state actors for purposes of § 1983 unless they act in concert with state officials to deprive persons of their constitutional rights." *Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001) (citations omitted). Because Defendant is not a state actor, Plaintiff cannot assert his constitutional claims against Defendant. "When a plaintiff's federal law claims fail, courts routinely decline to exercise supplemental jurisdiction over remaining state law claims." *Id.* at 438 (citing 28 U.S.C. § 1367). The Court declines to exercise supplemental jurisdiction over

3

any state law claim Plaintiff may have. Although relief in federal court is foreclosed to Plaintiff, he may pursue any state law claims in state court. In sum, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that this action is dismissed *sua sponte* for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**.

Dated at Green Bay, Wisconsin this 4th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge